**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Nicole Floyd, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  1:20-cv-2417 |
| State Collection Service, Inc., a Wisconsin corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Nicole Floyd, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Nicole Floyd, ("Floyd"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect defaulted consumer debts that she allegedly owed for medical lab services.

4. Defendant, State Collection Service, Inc. ("State"), is a Wisconsin corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted

consumer debts. State operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Illinois. In fact, Defendant State was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

5. Defendant State is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant State conducts extensive business in Illinois by writing to, calling, and making credit reports on, thousands of Illinois consumers.

## FACTUAL ALLEGATIONS

6. Due to financial difficulties, Plaintiff was unable to pay her debts, including medical debts she allegedly owed to ACL Laboratories. Defendant State attempted to collect these debts from her via negative credit reporting. Not knowing who Defendant State was, and unsure of the amount of the debts, Ms. Floyd consulted with counsel about her debt issues and the debts that State was trying to collect.

7. Accordingly, Ms. Floyd's attorney wrote to Defendant State, via letters dated February 6, 2020 and February 10, 2020, to dispute the debts State was trying to collect. Copies of these letters are attached as Group Exhibit B.

8. On April 7, 2020, Ms. Floyd obtained and reviewed copies of her TransUnion and Experian credit reports, which showed that Defendant State had continued to report one of the debts, but had failed to note that this debt was disputed. The pertinent parts of Ms. Floyd's TransUnion and Experian credit reports are attached as Group Exhibit C.

9. Defendant's violation of the FDCPA is material because Defendant's

failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debts on Plaintiff's credit report, that the debts were disputed made it appear to Plaintiff that she did not actually have the right to dispute the debts. Defendant's collection actions alarmed, confused and distressed Ms. Floyd.

10. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA –
## False or Misleading Representations

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

14. Defendant, by continuing to report a debt to the credit reporting agencies, when it knew the debt was disputed by the consumer, and failing to report that it was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

15. Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

18. Defendant, by continuing to report a debt to credit reporting agencies, when it knew the debt was disputed by Plaintiff, and failing to report that it was disputed, used unfair or unconscionable means to collect, or attempt to collect, a debt, in violation of § 1692f of the FDCPA.

19. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Nicole Floyd, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2.      Enter judgment in favor of Plaintiff Floyd, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Nicole Floyd, demands trial by jury.

Nicole Floyd,

By: s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: April 20, 2020

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

5